DEPEW, Plaintiff in Error, *vs.* ROBARDS, Defendant in Error.

1. D. having another wife living, imposed himself upon the plaintiff, and induced her to marry him. After the marriage, he took possession of personal property belonging to her, and sold it to the defendant, who bought in good faith. *Held*, the title passed.

*Error to Marion Circuit Court.*

*A. H. Buckner*, for plaintiff in error, contended that, as the marriage was void, the sale by Dunn passed no title.

He cited 1 J. R. 480. *Wilkinson* v. *King*, 2 Camp. Rep. 335. Long on Sales, 167-8.

*Cooke*, for defendant in error. It is a general rule of law that where one of two innocent persons must suffer by the fraudulent act of another, the loss must fall upon the one whose act gave the defrauding party power to impose on the other. The plaintiff, by marrying Dunn, and living with him as wife, held him out to the world as the owner of the property, and placed him in a position to impose on the defendant. That the plaintiff was defrauded makes no difference. A party from whom property is fraudulently obtained cannot follow it into the hands of an innocent purchaser for value. *Mowrey* v. *Walsh*, 8 Cow. 238.

SCOTT, Judge, delivered the opinion of the court.

The case was shortly this : James Dunn, who had a wife living, imposed himself on Nancy S. Depew, (the plaintiff,) as a single person, and married her. Among other things owned by Nancy Depew was a piano. After her marriage in Indiana, this piano was brought by her supposed husband to Hannibal, in this state. Dunn and Miss Depew remained some days at Hannibal, cohabiting as man and wife. Afterwards, Dunn sold the piano to the defendant, Robards, and absconded. There is no dispute but that Robards purchased in good faith. This suit was brought by Nancy Depew against the defendant, to recover damages for the conversion of the piano. Under the instructions given, the plaintiff submitted to a nonsuit, and sued out this writ of error.

The fixed principle of our law of personal property is, that no person can be divested of his property without his own consent, and, consequently, that a purchaser in good faith, under a defective title, cannot hold against the true owner. That no one can transfer to another a better title than he has himself, is a maxim of our law. An exception to this rule, in the an-

cient English jurisprudence, was that of sales in markets overt, a custom which has not been introduced among us. Another exception to this rule existed in relation to cash, bank notes, checks and bills, payable to bearer, or which were transferable by mere delivery without any assignment. At an early period of our commercial law, it was held, that money and bills payable to bearer, though stolen, could not be recovered after they had been passed away to a *bona fide* holder, and this by reason of the course of trade which creates a property in the holder. They pass by delivery only, and are considered as cash, and the possession of a *bona fide* holder always carries with it the property. This rule is founded on the necessity of sustaining the credit of that which is used as the medium of exchange in commercial transactions.

Another exception to the rule, that the owner of personal property cannot be divested of his title without his consent, is, where the owner, by his own voluntary act, has conferred upon another, under whom an honest purchaser claims, the apparent right of ownership and disposal of his property ; and this holds, although the owner may have been deceived and imposed upon, in bestowing this right of ownership and disposal. This principle is illustrated by the case of *Mowrey* v. *Walsh*, 8 Cow. 238, where it was held that, although one obtains goods by a fraudulent purchase, under a forged letter of credit and guaranty, yet, if he afterwards sells them to a *bona fide* purchaser, without notice of the fraud, the property passes to the purchaser. To the same effect is the case of *Parker* v. *Patrick*, 5 T. R. 175. 8 Mo. 139. The law protects the honest purchaser where the owner, although induced by fraud or mistake, has voluntarily given to another the apparent right of property or sale. But if the owner loses his property or is robbed of it, or if it is stolen from him, or if it is sold or pledged, without his consent, by one who has hired it or to whom it is loaned, or who has it in his possession for transportation or for mending or repairing it—in all these cases, the

owner may reclaim his property wherever found, however innocent the person may be to whose possession it may be traced, and whatever consideration he may have given for it.

Nancy Depew was shamefully imposed upon by James L. Dunn, yet she voluntarily placed him in a situation and clothed him with a character in which he was apparently authorized, by law, to dispose of her property, and a sale having been made of it by him, the honest purchaser must hold it. Although the marriage, as between the plaintiff and Dunn, was a nullity and did not affect her rights, yet, as it was by her act that Dunn was enabled to commit a fraud, it is more reasonable that she should bear the loss than the innocent purchaser.

The other judges concurring, the judgment will be affirmed.